# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRYAN GRANCHIE, | ) |
|       Plaintiff, | ) CASE NO. |
| | ) |
| v. | ) JUDGE |
| | ) |
| CITY OF COLUMBIANA, OHIO, | ) **COMPLAINT** |
| | ) |
|       Defendant. | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |

Plaintiff Bryan Granchie ("Plaintiff") brings this action against Defendant City of Columbiana, Ohio ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge of Plaintiff's own conduct and the conduct and acts of others:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Columbiana County, Ohio.

4. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

1

## **FACTUAL ALLEGATIONS**

6. Plaintiff was and is currently employed by Defendant's Police Department as a Patrolman, an hourly, non-exempt position under the FLSA.

7. In early 2018, Plaintiff spearheaded an effort to start a K-9 program in Defendant's Police Department. As part of this effort, Plaintiff gained approval from Defendant's Police Chief to institute a K-9 program, built community support, and led the campaign to raise $60,000 to purchase a police dog and all of the necessary equipment.

8. At the time Plaintiff was discussing the implementation of a K-9 program with Defendant's Police Chief, the Police Chief informed Plaintiff that he was aware that police officers were entitled to compensation for time spent caring for their dogs while off duty, and assured Plaintiff that he would be compensated for this time.

9. Plaintiff's efforts were successful, and in June, 2018, following a 10-week intensive training program, Plaintiff and K-9 Officer Csuti ("Csuit") received their K-9 certification from the Ohio Peace Officer Training Academy.

10. Plaintiff is responsible for Csuti at all times, regardless of whether he is on-duty or off-duty. Plaintiff houses Csuti, is responsible for feeding, exercising, cleaning, training, and grooming him, taking him to veterinary visits as needed, and generally caring for Csuti. Plaintiff typically spends at least half an hour a day performing these tasks, and frequently spends even more time than that.

11. Plaintiff's care for and training of Csuti necessarily and primarily benefited Defendant and its law enforcement efforts.

12. Plaintiff's care for and training of Csuti is an integral and indispensable part of Plaintiff's job duties, so that Csuti will be in good health and able to perform the K-9 duties he performs for Defendants.

13. As such, the time that Plaintiff spends caring for and training Csuti are "hours worked" for purposes of the FLSA.

14. As a Patrolman, Plaintiff works at least 40 hours in almost every workweek, not including time spent caring for and training Csuti.

15. Plaintiff is not, and has never been compensated for the off-duty time he spends caring for and training Csuti. Consequently, Plaintiff has not been compensated at a rate of one-and-one-half times his regular rate of pay for all hours worked in excess of 40 per workweek.

16. Defendant failed to make, keep, and preserve records of the hours Plaintiff worked. As a result, Plaintiff is entitled to rely on his own information about the number of hours he worked.

17. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

18. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

19. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rate of pay.

20. Defendant violated the FLSA by having Plaintiff perform uncompensated work training and caring for his police dog.

21. Defendant further violated the FLSA because it failed to account for all hours Plaintiff worked for the purposes of calculating his overtime hours in a workweek.

22. Defendant's practice and policy of not paying Plaintiff for all time worked and all overtime compensation earned at a rate of one and one-half times his regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

23. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

24. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

25. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff his unpaid wages, including overtime wages, in an amount to be proven at trial;

2. Awarding Plaintiff an amount equal to his unpaid wages, including overtime wages, as liquidated damages;

3. Awarding Plaintiff his reasonable costs and attorney fees necessarily incurred herein; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

       Respectfully submitted,

       **NILGES DRAHER LLC**

       */s/ Jeffrey J. Moyle*
       Jeffrey J. Moyle (0084854)
       614 W. Superior Ave., Suite 1148
       Cleveland, OH 44113
       Telephone:   (216) 230-2955
       Facsimile:   (330) 754-1430
       Email: jmoyle@ohlaborlaw.com

       Hans A. Nilges (0076017)
       Shannon M. Draher (0074304)
       7266 Portage Street, N.W., Suite D
       Massillon, OH 44646
       Telephone:   (330) 470-4428
       Facsimile:   (330) 754-1430
       Email: hans@ohlaborlaw.com
              sdraher@ohlaborlaw.com

       *Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all eligible claims and issues.

       */s/ Jeffrey J. Moyle*
       Jeffrey J. Moyle